UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARY MILLER, JR., | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:19-cv-01147-SEB-TAB |
| WARDEN, | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Gary Miller, Jr., for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 18-08-0090. For the reasons explained in this Order, Mr. Miller's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On August 16, 2018, Sgt. Anderson charged Miller with offense B-215, unauthorized possession of property:

> On the above date & approx. time I, Sgt. Anderson, was conducting a search of Off. Miller (232853) when I did find him to be in possession of "legal mail" belonging to Off. Paterson (260210) & "legal mail" written by Off. Wooden (945995) to be processed by the above stated Offender. This Offender does not have approval to be in possession of another offender's legal mail. He was advised of this conduct.

Dkt. 11-1.

On August 17, 2018, the screening officer notified Mr. Miller of the charge, which had been changed to offense B-247, possession or solicitation of unauthorized personal information. The screening officer provided Mr. Miller copies of the conduct and screening reports. *Id.*; dkt. 11-2. The screening officer notified Mr. Miller of his rights and Mr. Miller pleaded not guilty. Dkt. 11-2. Mr. Miller requested a lay advocate, and one was appointed to him. He did not request any evidence but did request inmates Paterson and Wooden as witnesses. *Id.*

Inmate Wooden's witness statement provided, "This man was going to help me to do my (Haib) for Court. We was going to the Law Lib. Together, this is the only Reason why I gave him my name. Thank you!" Dkt. 11-4. Inmate Paterson stated that, "I Mr. Paterson had went up to library working on my Habe [sic] and had Been talking to a few people up there to cite case logs [sic]. This man was one of them as He had been employed as a lay advocate in the library when I started my Habe. I Believe full heartedly His intentions were good to return my paperwork and that He had no malicious intentions." Dkt. 11-5.

On August 20, 2018, the disciplinary hearing officer held the hearing. Mr. Miller pleaded not guilty and stated that, "I was helping these guys out because I am good at it. Sgt. Anderson put there DOC numbers in the cond. report. CAB appeals are not legal work." Dkt. 11-6. The hearing

officer found Mr. Miller guilty of offense B-247 "[b]ased on cond. report, evidence, offender and witness statements, Sgt. Anderson found items on him. This is the 2nd time he has done this but first cond. Report." *Id*. The hearing officer sanctioned Mr. Miller to a 30-day loss of privileges and a 60-day loss of good-time credit.

Mr. Miller appealed to Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Miller raises three grounds in support of his habeas petition: 1) the Adult Disciplinary Procedures handbook states that disciplinary hearing appeals are not considered legal work; 2) Sgt. Anderson put the other offender's IDOC numbers on the conduct report, in contradiction of him being written up for being in possession of personal information; and 3) Mr. Miller used to be a lay advocate for the facility so he should be on the approved list. Dkt. 1.

Mr. Miller's first ground for relief is essentially a challenge to the sufficiency of the evidence. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Miller argues that what he possessed is not considered legal work. But he was charged with a broader offense—possession of personal information. The Appendix to the IDOC Adult Disciplinary Process, effective June 4, 2018, defines the disciplinary offense with which Mr. Miller was charged as follows:

> Possession or Solicitation of Unauthorized Personal Information
>
> Possessing or soliciting unauthorized personal information regarding another offender, ex-offender, victim/witness, potential victim, or current or former staff person, including but not limited to personnel files, offender packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or telephone numbers, except as authorized by a court order or as approved in writing by the Warden. This includes soliciting for correspondence (pen-pals) through forums on any website or periodical.

Dkt. 11-9.

The confidential case file on which the hearing officer relied, and which the Court reviewed, demonstrates that there was sufficient evidence that Mr. Miller possessed unauthorized personal information. Specifically, he possessed the return to the order to show cause filed in another inmate's federal habeas case, as well as the documents from the other inmate's underlying prison disciplinary action. Although offense B-247 does not specifically include legal work, the list of items in offense B-247 is not exhaustive. The legal work Mr. Miller possessed contained the personal information of another inmate. Much of the information he possessed, including the prison disciplinary documents, are kept in the prison offender packets. Dkt. 11 at 8. And offender packets are specifically listed as personal information not to be possessed by other inmates without authorization from a court or the warden. Given this, Mr. Miller's sufficiency of the evidence claim lacks merit and he is not entitled to habeas relief on that basis.

His remaining two grounds for relief also fail. Neither the fact that Sgt. Anderson put the other inmate's identification number on Mr. Miller's conduct report nor the fact that Mr. Miller

used to be a lay advocate change the fact that Mr. Miller was not authorized to possess the personal information of other inmates at the time he received the conduct report. He has presented no evidence that the prison disciplinary code exempts former lay advocates from offense B-247 or that the placement of another inmate's identification number on a conduct report excuses the inmate's possession of other unauthorized personal information.

While the Court accepts that Mr. Miller possessed the personal information of another inmate with that inmate's permission and for the purpose of helping him and other inmates who struggle to litigate their disciplinary habeas actions in federal court, Mr. Miller's good intentions do not negate the fact that he possessed that personal information in violation of the prison disciplinary code.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Miller to the relief he seeks. Accordingly, Mr. Miller's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/13/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GARY MILLER, JR.
232853
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov